IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTER DISTRICT OF NEW YORK
(**Manhattan Division**)

| | |
|---|---|
| **Sun Yeul Hong,**<br>2144 Bronx Park East APT 4G,<br>Bronx, NY 10462,<br>Plaintiff,<br>-against-<br><br>**MOMMY'S JAMAICAN MARKET CORP.,**<br>3508 WHITE PLAINS RD<br>BRONX, NEW YORK, 10467<br>**SERVE: Kap Won KIM,**<br>also known as Kap Won PARK,<br>21 Clifton Terrace,<br>Englewood Cliffs, NJ 07632,<br><br>**Kap Won KIM,**<br>also known as Kap Won PARK,<br>21 Clifton Terrace,<br>Englewood Cliffs, NJ 07632,<br><br>**Myong Su KIM,**<br>21 Clifton Terrace,<br>Englewood Cliffs, NJ 07632,<br><br>and<br><br>**Dae Kyu Kim,**<br>179 Lawrence Drive,<br>Paramus, NJ 07652,<br>Defendants. | Case Number: _____<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

Plaintiff, Sun Yeul HONG, by his attorneys, (Michael) Hyunkweon Ryu, as and for his Complaint herein, hereby submits his Complaint and in support thereof, states as follows:

1

## Nature of Action

1.	Plaintiff is a former employee of Defendants MOMMY'S JAMAICAN MARKET CORP., Kap Won KIM, Myong Su KIM, and Dae Kyu Kim, and brings this action to recover unpaid minimum wages and overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* and New York Code, Rules, and Regulations §142 ("NYCRR") from Defendants.

2.	Plaintiff is filing these FLSA and NYLL claims as an individual action for himself.

## Jurisdiction

3.	This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.	This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiff's federal law wage and hour claim that they form parts of the same case or controversy under Article III of the United States Constitution.

## Venue

5.	Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have their place of business in this District and the unlawful acts occurred in this District.

## Parties and Facts

6.	Defendant MOMMY'S JAMAICAN MARKET CORP. was at all times relevant hereto (i.e., during Plaintiff' employment) a New York Corporation with its place of business in New York at 3508 WHITE PLAINS RD, BRONX, NEW YORK, 10467, engaging in the grocery store business.

7. Defendants Kap Won KIM and Myong Su KIM are the husband and wife and Defendant Dae Kyu KIM is their son.

8. Defendants Kap Won KIM and Myong Su KIM at all relevant times owned, managed and operated Defendant MOMMY'S JAMAICAN MARKET CORP., a grocery store business.

9. Defendants Kap Won KIM and Myong Su KIM at all relevant times directly or indirectly owned, managed and operated another grocery store at a different location.

10. Defendant Dae Kyu KIM at all relevant times managed and operated Defendant MOMMY'S JAMAICAN MARKET CORP. and the said another grocery store.

11. All Defendants and the said another grocery store formed an enterprise under the meaning of 28 U.S.C. § 203(r) & (s) because they performed the management and operation of the grocery store, MOMMY'S JAMAICAN MARKET CORP., through their unified operation or common control for a common business purpose of profit generation through the grocery store business.

12. Defendants and the enterprise purchased the goods to sell such as fruits, vegetables, dried fish, bread, meat, alcoholic and non-alcoholic beverages, canned food, condiments, candies, teas, cooking oil, soap, and toilet papers from vendors, and sold the merchandise to customers of the general public.

13. The said goods were mostly produced or manufactured outside the State of New York, including foreign countries such as Mexico, Jamaica, South Korea, and China to be put in interstate commerce, and brought into this State through interstate commerce.

14. Defendants and the enterprise also accepted EBT which is New York State's federally mandated and 100% federally funded SNAP (formerly known as Food Stamps) program.

15. As a result, Defendants and the enterprise were engaged in commerce under 28 U.S.C. §203(b).

16. Defendants and the enterprise hired Plaintiff to perform manual work (such as stocking, displaying, packaging, and cleaning of the goods to be sold) as laborer at Defendants' store, and Plaintiff performed the manual work at the instructions and directions of Defendants.

17. As a result, Plaintiff handled, used or otherwise worked on goods produced or manufactured outside the State of New York, including foreign countries such as Mexico, Jamaica, South Korea, and China to be put in interstate commerce, and brought into this State through interstate commerce, and Plaintiff was engaged in commerce under 28 U.S.C. §203(b).

18. At all times relevant hereto, the annual gross dollar volume of sales or receipts of the enterprise, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00. Defendant interviewed Plaintiff for hiring.

19. Defendants MOMMY'S JAMAICAN MARKET CORP. and Kap Won Kim during all relevant times

      a) interviewed Plaintiff for hiring.

      b) hired Plaintiff, or participated in the hiring decision of Plaintiff.

      c) participated in and approved of the pay practices of the enterprise and corporate Defendant, including how Plaintiff was paid, how much Plaintiff was paid, and how the payment to Plaintiff was recorded and reported to the appropriate taxing authority.

...

      d)      managed, supervised, established, administered or exercised authority over the terms and conditions of Plaintiff's employment.

      e)      assigned work or participated in assigning work to Plaintiff, including directing Plaintiff where to work and when to work.

      f)      had the power and authority to discipline Plaintiff.

20. Defendant Myong Su KIM during all relevant times did the activities listed in the sub paragraphs b)-f) in the above paragraph, and Defendant Myong Su KIM during all relevant times did the activities listed in the sub paragraphs c)-f) in the above paragraph.

21. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

22. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

23. Plaintiff was required to report to work for Defendants at a certain time.

24. Plaintiff could not set his own hours of work for Defendants on his own without the permission or approval of Defendants.

25. As a result, all Defendants were the employers of Plaintiff at all times relevant hereto and Plaintiff was an employee of all Defendants within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL, §§ 2 and 651.

26. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA and the NYLL.

27. However, Defendants failed to compensate Plaintiff properly for all hours worked. Defendants failed to pay the minimum wages mandated by the NYLL and NYCRR, the Furthermore, Plaintiff was not compensated for any overtime hours despite the mandates of the FLSA, the NYLL and NYCRR.

5

28. Further, During Plaintiff's employment, Defendants manipulated the pay records to Plaintiff to conceal the true payments to Plaintiff.

29. During Plaintiff's employment, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. FLSA 29 U.S.C. § 211(c); NYLL § 661; 12 NYCRR § 142-2.6.

30. During Plaintiff's employment, Defendants failed to maintain proper timekeeping and compensation records, as required by the FLSA and NYLL § 195(4).

31. During Plaintiff's employment, Defendants failed to provide Plaintiff with a wage statement on each payday, as required by NYLL § 195(3).

32. During Plaintiff's employment, Defendants also failed to furnish Plaintiff with a wage notice as required by FLSA § 218b and NYLL § 195(1).

33. Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiff pursuant to the standards set forth by the FLSA and/or the NYLL.

34. Defendants' failure to properly pay Plaintiff the minimum and overtime wages was intentional and willful.

35. For the period commencing on or about 31 years ago, Plaintiff regularly and customarily at the specific instructions and demand of Defendants worked 6 days per week, 12 hours and a half each day.

36. The detailed payments and work hours for the last 6 years with approximation of the exact payments per period because the amount of the payments by check changed slightly over time are set forth below:

| beginning period | ending period | total payment per week | total workhours per week including the spread hours | hourly rate | minimum wage for the period | unpaid minimum wages per week | unpaid overtime compensation per week | weeks in the period | total unpaid wages in the period |
|---|---|---|---|---|---|---|---|---|---|
| 11/14/2014 | 12/31/2016 | $950.00 | 81 | $11.73 | $10.50 | $0 | $475.00 | 111.1 | $52,792.86 |
| 1/1/2017 | 12/31/2017 | $950.00 | 81 | $11.73 | $10.50 | $0 | $475.00 | 52.0 | $24,700.00 |
| 1/1/2018 | 12/31/2018 | $965.00 | 81 | $11.91 | $12.00 | $7.00 | $486.00 | 52.0 | $25,636.00 |
| 1/1/2019 | 12/31/2019 | $970.00 | 81 | $11.98 | $13.50 | $123.50 | $546.75 | 52.0 | $34,853.00 |
| 1/1/2020 | 9/20/2020 | $985.00 | 81 | $12.16 | $15.00 | $230.00 | $607.50 | 37.6 | $31,466.07 |

37. Further, by virtue of their positions and involvement, Defendants Kwp Won KIM, Young Su KIM and Dae Kyu KIM are personally liable for all debts, wages or salaries due and owing to the Plaintiff for services performed by Plaintiff for Defendant MOMMY'S JAMAICAN MARKET CORP., pursuant to the N.Y. Bus. Corp. Law §630.

38. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

39. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

40. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

41. Upon information and belief, Defendants never obtained legal advice that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

42. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

43. Upon information and belief, Defendants never obtained any written guidance from the State of New York, including any branches or agencies thereof concerning their pay practices and policies.

44. During Plaintiff's employment, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA and federal and state regulations or otherwise provide Plaintiff with information about their legal rights.

## Count I: Violation of FLSA

45. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

46. Plaintiff is entitled to overtime pay under the FLSA, 29 U.S.C. §207.

47. Defendants violated the provision of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

48. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

49. By reason of the aforesaid violations of the FLSA, Plaintiff is entitled to recover from Defendants jointly and severally, his unpaid overtime wages, which are at the rate of not-less-than one and one-half (1.5) times of Plaintiff's regular hourly wage rate, an additional equal amount to the unpaid wages as liquidated damages, reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. §216(b), and pre-and post judgment interest, all in an amount to be determined at trial.

**COUNT II: State Minimum Wage and Overtime Compensation Violation**

50. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

51. Defendants knowingly, willfully, and intentionally failed to pay the minimum wages for all hours worked in violation of NYLL § 652, and 12 NYCRR § 142-2.1.

52. Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate one and one-half times of Plaintiff's regular hourly rate in violation of 12 NYCRR § 142-2.2.

53. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

54. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**COUNT III: Spread of Hours Pay Violation**

55. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

56. Defendants regularly and knowingly required Plaintiff to be at work in excess of ten (10) hours per day.

57. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. 12 NYCRR §§ 142-2.4.

58. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay wages required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

59. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### COUNT IV: State Unpaid Wage Violations

60. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

61. Defendants failed to pay Plaintiff the wages owed to him at least seven calendar days after the week in which the wages were earned, in violation of NYLL § 191.1(a).

62. Defendants failed to pay Plaintiff the wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of NYLL § 191.3.

63. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay wages required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

64. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**COUNT V: Violation of NYLL Section 195(1)**

65. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

66. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 190. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

67. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of Plaintiff's employment, including the rate of regular and overtime pay and basis thereof; allowances, if any; the regular pay day; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, as required by the NYLL, N.Y. Lab. Law § 195(1).

68. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of fifty dollars ($50.00) for each work day after November 14, 2014 on which Defendants failed to provide Plaintiff with wage notice, up to a maximum amount of five thousand dollars ($5,000.00), together with costs and reasonable attorney's fees, pursuant to N.Y. Lab. Law § 198(1-b).

### COUNT VI: Violation of NYLL Section 195(3)

69. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 190. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

70. Defendants willfully failed to furnish Plaintiff with wage statement with every payment of wages, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; allowances, if any; and net wages, as required by the NYLL, N.Y. Lab. Law § 195(3).

71. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of two hundred fifty dollars ($250.00) for each work day after November 14, 2014 on which Defendants failed to provide Plaintiff with wage statements, up to a maximum amount of five thousand dollars ($5,000.00), together with costs and reasonable attorney's fees, pursuant to N.Y. Lab. Law § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant a judgment against all Defendants jointly and severally in favor of Plaintiff:

a. An award of $348,895.90 for their failure to pay Plaintiff in accordance with the standards set forth by the FLSA, NYLL and NYCRR, including the unpaid minimum and overtime wages, and the liquidated damages;

b. An award of pre-judgment and post-judgment interest, pursuant NY CPLR §§ 5001 and 5004;

c. An award of reasonable attorneys' fees and all costs, plus interest; and

d. All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff.

> Respectfully Submitted,
> by Sun Yeul HONG
> through his counsel:
> /s/ (Michael) Hyunkweon Ryu
> (Michael) Hyunkweon Ryu
> 35-71 162nd Street
> 1st Floor
> Flushing, New York 11358
> Tel: 718-819-0001
> email: michaelryu@ryulawgroup.com