UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
 :
SUN YEUL HONG, :
 :
                Plaintiff, :
 :      20-cv-9612 (LJL)
       -v- :
 :      OPINION & ORDER
MOMMY'S JAMAICAN MARKET CORP., KAP WON :
KIM, MYONG SU KIM, DAE KYU KIM, :
 :
                Defendants. :
                                                        X
-------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/2021

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Sun Yeul Hong ("Plaintiff" or "Hong") was employed by Mommy's Jamaican Market Corp; its owners, managers, and operators Kap Won Kim and Myong Su Kim; and its manager and operator Dae Kyu Kim (collectively, "Defendants") for approximately 31 years until September 2020. Hong filed this action on November 16, 2020, bringing claims against Defendants for violations of the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). Specifically, Hong claims that Defendants violated provisions related to unpaid overtime wages under the FLSA, unpaid minimum and overtime wages under NYLL, unpaid spread of hours pay under NYLL, timely payment provisions under NYLL, and wage notice and statement requirements under NYLL. He seeks damages, including unpaid wages and liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs in connection with his claims.

    Hong served Defendants on December 18, 2020, and the Clerk of Court issued a Certificate of Default on February 26, 2021. On April 5, 2021, Hong moved for default judgment against all Defendants.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law. *See Mickalis Pawn Shop*, 645 F.3d at 137.

While a defendant who defaults admits the well-pleaded factual allegations in a complaint, because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. V. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the [plaintiff's] allegations are sufficient to establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Federal Rule of Civil Procedure 55(c), which "requires a court

to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454-55 (2d Cir. 2013).

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiff "must therefore substantiate [his] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*. 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (summary order).

To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (citation omitted). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Id.*

## DISCUSSION

The Court concludes, as a preliminary matter, that the well-pleaded allegations in the Complaint satisfy the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; *see generally Marcelino v. 374*

*Food, Inc.*, 2018 WL 1517205, at *9-10 (S.D.N.Y. Mar. 27, 2018). The Court further concludes that these allegations substantiate Plaintiff's claimed violations of the overtime provisions of the FLSA, *see* 29 U.S.C. §§ 207(a)(1), 255(a), and of the minimum wage, overtime, spread-of-hours, timely payment, wage notice, and wage statement provisions of the NYLL, *see* NYLL §§ 190 to 199-A, 652(1), 663, 195(1), 195(3).

The Court has reviewed the materials submitted by Hong and his counsel in connection with the instant application and believes that a further inquest would be unnecessary. *See* Dkt. Nos. 21–21-14.

### A. Damages

Under the FLSA, the applicable statute of limitations is two years, although it can be extended to three years upon a finding that the employer's violations were willful. 29 U.S.C. § 255(a). The applicable limitations period for NYLL claims is six years. NYLL § 663(3). As such, damages under NYLL are calculated from November 16, 2014, six years before Hong filed the complaint.

Where a plaintiff brings claims under both the FLSA and NYLL, he "may not receive a 'double recovery' of back wages" or liquidated damages under both statutes. *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *31 (S.D.N.Y. 2016) (quoting *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980)); *see also Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) (interpreting NYLL and the FLSA "as not allowing duplicative liquidated damages for the same course of conduct."). Because NYLL provides for a higher minimum wage and a longer recovery period, the Court will focus its analysis on that statute.

An employee who brings an action under the FLSA or NYLL for unpaid wages must prove that he performed the work and was not compensated properly for his time. *See*

*Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003).  While the FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions, 29 U.S.C. § 211(c),"[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only . . . submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may reasonably be inferred.'" *Gonzalez v. Masters Health Food Serv. Inc.*, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (alteration in original) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)).  An employee discharges his burden if he "can prove that [he] 'in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Jrpac*, 2016 WL 3248493, at *27 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).  "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Jrpac*, 2016 WL 3248493, at *27 (alteration in original) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Jrpac*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687-88).  "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 WL 3835960, at *16 (quoting *Kuebel*, 643 F.3d at 362).

"A similar standard applies to unpaid compensation claims under NYLL." *Gonzalez*, 2017 WL 3835960, at *16; *see also Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at

5

*4 n.8 (S.D.N.Y. 2015) ("Courts use the same burden-shifting framework [as in the FLSA] to determine liability for unpaid overtime under the NYLL."). But under NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof. "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017 (quoting NYLL § 196-a(a)); *see also Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017). NYLL is thus more demanding than the FLSA, which permits an employer to discharge its burden merely by undermining the reasonableness of an employee's evidence that he was underpaid. *Cf. Jrpac*, 2016 WL 3248493, at *27. In contrast, NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and supplements." NYLL § 196-a(a); *see also Jrpac*, 2016 WL 3248493, at *36. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy the 'more demanding burden' of the NYLL." *Canelas*, 2017 WL 1233998, at *9 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

Defendants failed to defend against this action and did not provide Plaintiff with pay records. Instead, Plaintiff has submitted a sworn statement attesting to the number of hours he worked per day and the number of days he worked per week, along with the payment he received for the time periods worked. Dkt. No. 21-14. The Court accepts these as best estimates and adequate proof. *See Teofilo v. Real Thai Cuisine Inc.*, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (finding a further inquest on damages to be unnecessary when provided with sworn statements from plaintiffs regarding their hours and pay). From its review of the evidence, the

Court calculates that Plaintiff is entitled to $97,961.75 in back wages,[1] but because Plaintiff only requested $93,393.48, see Dkt. No. 21-10, the Court will award that amount.

Under the terms of NYLL § 663, Plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," in the absence of a Defendant's showing of "a good faith basis to believe that its underpayment of wages was in compliance with the law." See Rana, 887 F.3d at 122-23. To present this defense, the employer must demonstrate that it took "active steps to ascertain the dictates of the FLSA and then act to comply with them." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132,142 (2d Cir. 1999); cf. Rana, 887 F.3d at 123 (explaining that there are "no meaningful differences" between the FLSA and NYLL liquidated damages provisions). Even where a defendant employer has appeared in the action, the Second Circuit has observed that "the employer's burden [is] a difficult one, emphasizing that double damages are the norm and single damages the exception." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 150 (2d Cir. 2008) (internal quotation marks and alterations omitted). Defendants have not presented a "good faith" defense. Accordingly, Plaintiff is entitled to a liquidated damages award in the amount of 100% of his back wages award, or $93,393.48.

The NYLL also requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements at the time wages are paid. See NYLL §§ 195(1)(a) & (3). Plaintiff has alleged that he received no such notices during his employment, and the Court has no basis to doubt these claims. In his motion for default judgment, Hong requests damages only for the violation of NYLL § 195(3). Under

---

[1] This figure includes unpaid minimum wage, overtime, and spread-of-hours pay. Plaintiff is owed $7,496.40 in unpaid minimum wage pay, $70,008.95 in unpaid overtime compensation, and $20,456.40 in unpaid spread-of-hours pay.

NYLL § 198(1-d), employees are entitled to recover damages of $250 for each work day that the employer violates the wage-statement provision, up to $5,000. In the instant case, that means that Plaintiff is entitled to $5,000 in wage-statement statutory damages.

Finally, employees may recover prejudgment interest with respect to their back wages, but not with respect to liquidated damages or violations of the wage-statement or wage-notice provisions. NYLL § 198(1-a); *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017). Under New York law, the relevant interest rate is nine percent per year. N.Y.C.P.L.R. § 5004; *see also Ortega v. JR Primos 2 Restaurant Corp.*, 2017 WL 2634172, at *6 (S.D.N.Y. June 6, 2017). Courts generally calculate interest from an intermediate date, "often choose[ing] the midpoint of the plaintiff's employment within the limitations period" as the start date. *See Ortega*, 2017 WL 2634172, at *6 (citing *Tackie v. Keff Enters., LLC*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)); N.Y.C.P.L.R. § 5001(b). The Court will award prejudgment interest in this case, starting from the midpoint of Plaintiff's employment within the limitations period.

### B. Attorney's Fees and Costs

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover her reasonable attorney's fees and costs." *Najnn v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015); *see* 29 U.S.C. § 216(b); NYLL § 198(1-a). The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As a general matter, the "starting point" in analyzing whether claimed attorney's fees are appropriate is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154m 166 (2d Cir.

2011); *see generally Lilly v. City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended).  The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable and must provide a court with sufficient information to assess the fee application.  *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512-13 (S.D.N.Y. 2011).

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189.  The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190.  When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court may reduce the requested rate.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).  Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable.  The court "should exclude excessive, redundant or otherwise unnecessary hours[.]"  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

An attorney's fee award may also include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  These "costs" may include photocopying, travel, telephone costs, *id.*, as well as filing fees and reasonable process-server fees, *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).

The Court has reviewed the submissions of Plaintiff's counsel documenting the hours worked and the activities performed in support of this action.  Dkt. No. 21-13.  It accepts the costs figure of $909.00, which includes filing fees, process-server fees for four defendants, and

expenses associated with locating a defendant. *Id.* Plaintiff's counsel also submits a figure of 53.3 hours expended (by both attorneys and staff) on this case. The amount of time expended is is significantly higher than in recent similar cases before this Court, *see, e.g.*, *Estrada v. Therapy PLLC*, 2021 WL 4427068, at *5 (S.D.N.Y. Sept. 27, 2021) (reducing submitted figure of 20.80 hours worked to 19 hours); *de Jesus Morales v. Stalwart Group, Inc.*, 2021 WL 3774145, at *6 (S.D.N.Y. Aug. 24, 2021) (accepting figure of 19.80 hours expended); *Rosado v. Castillo*, 2021 WL 1172626, at *4 (Mar. 29, 2021) (accepting figure of 18.2 hours expended). While the Court acknowledges that the specifics of this case, including initial settlement conversations and the difficulties locating defendants, may warrant a higher-than-usual amount of time spent on the case, the figure submitted contains certain time that is excessive, redundant, unnecessary, or otherwise unreasonable.[2] The Court will reduce it to 40 hours.

In this case, Plaintiff's counsel has provided the Court with typical hourly rates for labor attorneys in the relevant geographic areas. *See* Dkt. No. 21-12 (listing the median and mean rates for partners practicing employment and labor law in New York City as $620 and $682, respectively, and for those practicing employment and labor law in Washington, D.C. as $735 and $719, respectively). This Court has approved counsel's hourly rates falling below those figures as reasonable. *See Corrales v. AJMM Trucking Corp.*, 2020 WL 1911189, at *4 (April 20, 2020) (concluding that $600 hourly rate was reasonable for firm principal). Plaintiff's counsel has over 16 years of experience in various jurisdictions, as well as the particular language skills necessary to facilitate his representation of Hong. Dkt. No. 21 at 22. His submitted hourly rates range from $350 to $480, with an average of approximately $460. Dkt.

---

[2] For example, counsel billed 11.2 hours drafting a motion for default judgment and an additional 2.3 hours reviewing facts and drafting Plaintiff's declaration. Dkt. No. 21-13 at 6. The paralegal working on the case billed 0.8 hours traveling to the firm's office for this case and 2.7 hours taking screenshots of the client's phone. *Id.* at 4.

10

No. 21-13. The Court views Plaintiff's counsel's rate as reasonable. However, the hourly rates submitted for the work of the paralegal on the case, ranging from $150 to $180, are above what this Court has recently awarded in similar cases. *See, e.g.*, *Estrada*, 2021 WL 4427068, at *5 (awarding $100 per hour for the work of paralegals in FLSA default judgment case); *de Jesus Morales*, 2021 WL 3774145, at *6 (same). As the Court has not been presented with a reason to deviate from this rate, the Court will award $100 per hour for the work of the paralegal working on this case. Calculating the fee award using counsel's average hourly rate of $460 for 30 hours and the paralegal's hourly rate of $100 for 10 hours, the Court awards $14,800 in attorneys' fees for the work on this case.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff is entitled to relief on his claims for back wages, including unpaid spread-of-hours pay, for wage-notice and wage-statement violations, and for attorneys' fees and costs. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiff's damages as follows:

- $93,393.48 in back wages under the NYLL, with 9% prejudgment interest accruing from October 18, 2017; $93,393.48 in liquidated damages; and $5,000 for Defendants' violation of NYLL § 195(3).

- The Court also awards attorneys' fees in the amount of $14,800.00 and costs in the amount of $909.00. "[I]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4).

- The Court also awards post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to close this case. The Court directs Plaintiff to transmit a copy of this Order to Defendants through any means they have previously used to communicate with Defendants.

SO ORDERED.

Dated: October 15, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge