```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SUN YEUL HONG,                                                     :
                                                                   :
                           Plaintiff,                              :
                                                                   :        20-cv-9612 (LJL)
            -v-                                                    :
                                                                   :             ORDER
MOMMY'S JAMAICAN MARKET CORP., KAP WON                             :
KIM, MYONG SU KIM, DAE KYU KIM,                                    :
                                                                   :
                           Defendants.                             :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2022

LEWIS J. LIMAN, United States District Judge:

On October 15, 2021, the Court granted Plaintiff Sun Yeul Hong's ("Plaintiff") motion for default judgment against defendants Mommy's Jamaican Market Corp., Kap Won Kim, Myong Su Kim, and Dae Kyu Kim (collectively, "Defendants") on Plaintiff's claims alleging violations of the Fair Labor Standards Act (the "FLSA"), 28 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), §§ 190 *et seq.* Dkt. No. 24. In granting the motion for default judgment, the Court also awarded Plaintiff's counsel attorneys' fees in the amount of $14,800.00 and costs in the amount of $909.00. *Id.* at 11.

A month later, Defendants moved to vacate the default judgment and respond to Plaintiff's complaint out of time. Dkt. No. 26. The Court heard oral argument on Defendants' motion, and, on December 22, 2021, it granted the motion to vacate the default judgment and directed the Clerk of Court to reopen the case. Dkt. No. 37. In its December 2021 Opinion and Order granting Defendants' motion, the Court ordered Defendants to "reimburse Plaintiff the costs incurred in moving for the default judgment." *Id.* at 10 n.3.

1

Thereafter, Plaintiff petitioned the Court for attorneys' fees and expenses incurred in moving for the default judgment. Dkt. No. 39. Plaintiff's counsel requested $15,645.00 in fees and $1.006.70 in expenses; this amount was calculating by using the paralegal rate of $100.00 per hour that was awarded by the Court's Opinion and Order granting the motion for default judgment. Dkt. No. 39-1 ¶ 3. The amount also included time counsel and the paralegal spent reviewing the Court's opinion vacating the default judgment and preparing the instant fee application, as well as expenses associated with mailings to Defendants after the Court's default judgment Opinion and Order was granted. *Id.* at 6–7. The billing records submitted in support of the request for attorneys' fees reflect hourly rates for attorneys between $420 and $480 per hour—within the range found acceptable by the Court's prior Opinion and Order. *See* Dkt. No. 24 at 10–11 (concluding that hourly rates for Plaintiff's counsel's work ranging from $350 to $480, with an average of approximately $460 per hour, were reasonable).

Defendants make objections to Plaintiff's request. Specifically, they argue that the fee application includes enhanced "hourly rates," stating that, "[w]hile the initial billing entries in his spreadsheet show a '$430' hourly rate, Plaintiff[']s] counsel seeks compensation using a '$480[]' hourly rate." Dkt. No. 40 at 1, 3. They also point out that the instant application "seeks nearly $1,000 more for 'moving for the default judgment,' than the costs and fees which the Court originally had awarded him for the entire case" and includes "costs and fees incurred well before [Plaintiff] moved for default judgment in April 2021." *Id.* at 2. Defendants argue that Plaintiff's fee application is deficient because it does not offer the Court information about the skill, experience, or reputation of counsel or any specifics about the case that would help the Court determine a reasonable hourly rate. *Id.* at 3–6. In response, Plaintiff points to information that was before the Court at the time it ruled on the motion for default judgment and initially awarded

2

attorneys' fees. Dkt. No. 41. Plaintiff also suggests that, since the Court reduced 53.3 hours to 40 hours in its prior Opinion and Order awarding attorneys' fees, the Court should again reduce the amount of attorneys' fees by the same proportion—75% of the amount requested. *Id.* at 2. Thus, in its reply, Plaintiff requests an award of $11,733.75 in attorneys' fees and $1,006.70 in expenses. *Id.*

Defendants' arguments against Plaintiff's request for attorneys' fees and expenses are largely unpersuasive. As Plaintiff correctly points out, the Court "has already made findings based on Plaintiff's motion for default judgment," *id.* at 1—a motion which was supported by the very arguments and evidence relating to the calculation of a reasonable hourly rate that Defendants now contend are missing, *see e.g.*, Dkt. Nos. 21 at 19–23 (addressing each of the twelve factors a court should consider in evaluating the reasonable rate); 21-12 (2018 report containing data about rates for employment and labor lawyers in various locations); 21-13 (billing statements reflecting work performed by counsel and paralegal). Defendants make no arguments why the information Plaintiffs have put before the Court is insufficient to demonstrate that counsel's hourly rate is reasonable. As to the so-called "enhanced" hourly rate, the Court already acknowledged this in its prior Opinion and Order; it stated that Plaintiff's counsel's "submitted hourly rates range from $350 to $480, with an average of approximately $460," which was calculated by dividing the total amount charged at all hourly rates by the hours spent working. Dkt. No. 24 at 10. Defendants do not provide any argument for why Plaintiff's counsel should be bound to the same billing rate at all points during the litigation. Lawyers often increase their rates as time goes on—this is precisely what counsel did here, and there is nothing inherently improper about its choice to do so. *See* Dkt. No. 39-1 (charging $430 per hour for the principal counsel's time until December 2, 2020, and then charging $480 per hour thereafter);

Dkt. No. 41 at 1 (explaining that "Plaintiff's attorney's rate was initially $430, but was raised in all cases globally, not specifically in this case, to $480").

Defendants do persuasively argue that some of the billing entries supporting Plaintiff's new application for attorneys' fees are for work that either is unrelated to the motion for default judgment or are otherwise excessive and redundant. Dkt. No. 40 at 2. One example of this excess—pointed out by both the Court in its October 2021 Opinion and Order and Defendants in their objection to Plaintiff's application—is the paralegal's 2.7 hours spent taking screenshots of the client's phone. *See* Dkt. Nos. 39-1 at 4; 24 at 10 n.2; and 40 at 2. Plaintiff also requests reimbursement for expenses that are not directly related to the motion for default judgment, including "drafti[ing] a case management plan and scheduling order" and contacting opposing counsel when the parties were discussing a stipulation. Dkt. No. 39-1 at 3. The billing records submitted in support of the instant application also include entries from a "Sara Ryu," who is presumably an attorney but whose time was not included in the billing records provided by Plaintiff's counsel in connection with his initial request for attorneys' fees with his motion for default judgment and as to whom the Court has no information regarding her experience or skills justifying her recorded hourly rate. *See id.* at 3; *see also* Dkt. Nos. 21; 21-13.

The Court has reviewed the records submitted in support of the instant petition for attorneys' fees. It will award the amounts attributable to the motion for default judgment before the Court ruled on that motion—including the expenses associated with locating the Defendants, which is necessary to ensure they were properly served—at the relevant hourly rates that it already found to be reasonable in its prior Opinion and Order. A review of the billing records indicates that 13.2 hours of paralegal time was appropriately spent on the motion for default

4

judgment, billed at the Court-approved rate of $100 per hour,[1] and 19.8 hours of counsel's time was appropriately spent on the motion for default judgment, 1.9 hours of which was billed at an hourly rate of $430 and 17.9 of which was billed after counsel raised his rates to $480 per hour.[2] The Court will therefore award $10,729.00 in attorneys' fees for Plaintiff's counsel's preparation and prosecution of the motion for default judgment.

Plaintiff also seeks $1,006.70 in expenses. *See* Dkt. No. 39. These expenses include $405.00 for an apparent process server, dated 10/11/2021 for an unknown reason, as well as $34.80 for "USPS Label to all four defendants," dated 10/25/2021 and presumably to transmit the Court's October 2021 Opinion and Order to Defendants, and $405.00 for a process server, dated 12/14/2020 and presumably to serve the summons and complaint on the Defendants. Plaintiff does not articulate a connection between the former expense and the motion for default judgment, and the latter expenses were incurred after the motion was resolved (for the 10/25/2021 entry) or in connection with service of the summons and complaint, not the motion for default judgment (for the 12/14/2020 entry), Dkt. No. 39-1 at 6–7, and thus are not "costs

---

[1] This figure does not include the 2.7 hours spent taking screenshots of the client's phone or the 0.8 hours billed to travel to and from the office that the Court previously indicated was excessive, *see* Dkt. No. 24 at 10 n.2, or time spent on matters not directly related to the motion for default judgment.

[2] This figure does not include the time billed by Sara Ryu since the Court does not have information from which it could assess the reasonableness of her rate. It also accounts for only 10 hours of drafting a motion for default judgment, not the 14.6 hours billed over two days reflected in the billing records, in order to avoid reimbursing Plaintiff's counsel for excessive or redundant time, and it does not include otherwise unreasonable time entries. *See* Dkt. No. 39-1 at 4 (billing 2.3 hours on 4/4/2021 to "review facts and draft plaintiff's declaration" and also billing 11.2 hours on 4/4/2021 and 3.4 hours on 4/5/2021 to draft the motion for default judgment); Dkt. No. 24 at 10 n.2 (noting, by way of example of time that is excessive, redundant, unnecessary, or otherwise unreasonable, that "counsel billed 11.2 hours drafting a motion for default judgment and an additional 2.3 hours reviewing facts and drafting Plaintiff's declaration"); *see also* Dkt. No. 39-1 at 5 (recording ambiguous time entry of "check the status; prepare next step").

incurred in moving for the default judgment." Dkt. No. 37 at 10 n.3. Plaintiff is not entitled to reimbursement for these expenses, but he is entitled to reimbursement for the expenses associated with his "skip trace request" to locate Defendant Kap Won Kim; the USPS label for the Defendants dated the same date the motion for default judgment was made, presumably to transmit the motion to Defendants; and the FedEx costs associated with returning tax returns to the client, which the billing records indicate related to his motion for default judgment. The Court will therefore award $161.90 in expenses to Plaintiff.

The motion for attorneys' fees is GRANTED. Defendants shall pay Plaintiff's counsel, Ryu & Ryu, PLC, $10,890.90 by July 11, 2022.

The Clerk of Court is respectfully directed to close Dkt. No. 39.

SO ORDERED.

Dated: May 11, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge