```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SUN YEUL HONG,                                                   :
                                                                 :
                        Plaintiff,                               :
                                                                 :             20-cv-09612 (LJL)
            -v-                                                  :
                                                                 :             MEMORANDUM &
MOMMY'S JAMAICAN MARKET CORP., et al.,                           :             ORDER
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2022
```

LEWIS J. LIMAN, United States District Judge:

Defendants move, pursuant to Federal Rule of Civil Procedure 26(c)(1) for a protective order protecting Defendant Myong Soo Kim ("Kim") from being deposed on oral examination. Dkt. No. 59. Plaintiff cross-moves for an order compelling the deposition on oral examination of Myong Soo Kim. Dkt. Nos. 60, 63.

Defendants argue that the deposition of Kim by oral examination would subject him to undue physical burden and that Plaintiff should be limited to a deposition on written examination pursuant to Federal Rule of Civil Procedure 31. In support of their motion, Defendants quote from a letter from Kim's treating physician which states: "Due to his advanced age, present medical condition, and physical and mental health, however, I advise against any deposition or other proceedings requiring Kim either to sit upright or ambulate for more than 60 consecutive minutes or undergo any events that may impose mental or physical stress on him for any extended period of time." Dkt. No. 59, Ex. H.

The Court has previously addressed the principles that apply to this motion. "'[I]t is well recognized that entirely prohibiting the taking of an oral deposition is very unusual.'" *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022) (quoting *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015)); *see also Jennings v. Fam. Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[I]n the case of a protective order related to deposition testimony, courts regard the complete prohibition of a deposition as an 'extraordinary measure[] which should be resorted to only on rare occasions.'") (quoting *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998)). In order to demonstrate good cause for a protective order preventing a deposition on oral examination, the moving party must demonstrate that a "'clearly defined, specific and serious injury' will occur in the absence of such an order." *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (quoting *McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933, at *1 (S.D.N.Y. Jan. 4, 2012)). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden." *Id.*

      Defendants have not set forth facts satisfying their burden to demonstrate good cause. The note from Kim's physician does not establish that he is unable to sit for a deposition on oral examination or that doing so will cause any harm to him.  The doctor merely states that it is not "advis[able]" for Kim to "sit upright, or ambulate for more than 60 consecutive minutes" or undergo stress "for an extended period of time."  That note fails to demonstrate the risk of injury to Kim from a deposition on oral examination.  It also demonstrates that the ordinary accommodations that counsel makes to opposing counsel (such as taking breaks every hour) would readily address the doctor's concerns.  Kim is a highly relevant witness in this case; Kim is alleged to have been a co-owner and co-manager of the defendant business Mommy's Jamaican Market. Corp.  Dkt. No. 1 ¶ 8.  He is expected to testify live at trial.  Plaintiff is entitled to test his recollection and to see whether it supports Defendants' affirmative defenses or, to the contrary, Plaintiff's claim for relief.

      The motion for a protective order is denied and the motion to compel is granted and Kim shall be made available for deposition on oral examination within 21 days of the date of this Order.  Plaintiff has shown good cause for modification of the case management plan.  Motions for summary judgment shall be due within 35 days of the date of this Order.

      The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 59, 60, 62, and 63.

      SO ORDERED.

Dated: October 14, 2022  
       New York, New York

                                              LEWIS J. LIMAN  
                                         United States District Judge