USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/18/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SUN YEUL HONG,                                                    :
                                                                  :
                        Plaintiff,                                :
                                                                  :       20-cv-9612 (LJL)
        -v-                                                       :
                                                                  :       MEMORANDUM &
MOMMY'S JAMAICAN MARKET CORP., KAP WON                            :       ORDER
KIM, MYONG SU KIM, DAE KYU KIM,                                   :
                                                                  :
                        Defendants.                               :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Defendants Kap Won Kim and Myong Su Kim ("Bankrupt Defendants") filed for Chapter 13 bankruptcy in the District of New Jersey on May 16, 2023. Dkt. No. 135. Bankrupt Defendants seek a stay of this action with respect to them under 11 U.S.C. § 362(a). Dkt. No. 143. Plaintiff Sun Yeul Hong ("Plaintiff") does not oppose this motion. Dkt. No. 138 ("Plaintiff's attorney agrees . . . that the outcome of the trial will have an impact on the bankruptcy estate."); Dkt. No. 136 at 1 ("[T]his counsel suggests that the pending motion to set aside the vacation of the default judgment is stayed—at least as to" Bankrupt Defendants). The motion to stay this action with respect to Bankrupt Defendants is GRANTED. *See Benavidez v. Piramides Mayas Inc.*, 2013 WL 3505616, at *1 (S.D.N.Y. June 28, 2013) ("The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 326(a)(1) are void and without vitality if they occur after the automatic stay takes effect." (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir.1994))).

       However, the Court will proceed with the evidentiary hearing scheduled for Friday, May 19, 2023. The Court entered default judgment in this case against Bankrupt Defendants and Mommy's Jamaican Market Corp. and Dae Kyu Kim ("Non-Bankrupt Defendants" and, together with Bankrupt Defendants, "Defendants") on October 15, 2021. Dkt. No. 24. A month later, Defendants moved to vacate the default judgment and respond to Plaintiff's complaint out of time. Dkt. No. 26. The Court granted Defendants' motion to vacate the default judgment and directed the Clerk of Court to reopen the case. Dkt. No. 37. The Court granted Defendants' motion based in part on the representation that Defendants were "small-business owners with apparently little knowledge about the process of court proceedings . . . [and were] proceeding without counsel to disabuse them of their misconceptions for much of the litigation." *Id.* at 5. Plaintiff has now called that assertion into question and moves to set aside the Court's order vacating the default judgment. *See* Dkt. No. 83. Because the default judgment applied to all Defendants, including Non-Bankrupt Defendants, the motion to set aside the order vacating the default judgment does as well. Thus, the evidentiary hearing will proceed as scheduled and the Court will hear testimony as to whether it should set aside its order vacating the default judgment

against Non-Bankrupt Defendants.

Though Bankrupt Defendants have not made a motion to extend the automatic stay to Non-Bankrupt Defendants, *see In re FPSDA I, LLC*, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012), *as corrected* (Dec. 26, 2012) (noting that the burden is on "the party seeking extension of the stay [to] put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended"); *Gray v. Hirsch*, 230 B.R. 239 (S.D.N.Y.1999) ("[I]n the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant."), the Court pauses to note that it questions whether such a motion would be successful. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending and the bankruptcy court supervising the reorganization." (internal citations omitted)); *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *2 (S.D.N.Y. Sept. 25, 2014) ("This Court possesses independent statutory authority to determine whether the automatic stay issued in the Debtor's bankruptcy proceeding should be extended to Plaintiffs' action." (citing 28 U.S.C. § 1334(b))).

Generally, the automatic stay does not extend to non-debtor co-defendants. *See Le Metier Beauty Inv. Partners LLC*, 2014 WL 4783008, at *2; *see also Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." (citation omitted)). However, a court can extend a stay under certain limited circumstances. "For example, a court may extend a stay to a non-debtor co-defendant when (a) 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate'; (b) the debtor has guaranteed the nondebtor's obligation; or (c) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.'" *Hernandez v. Immortal Rise, Inc.*, 2014 WL 991715, at *4 (E.D.N.Y. Mar. 13, 2014) (citations omitted). However, "where the debtor and non-debtor co-defendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor." *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (quoting *Variable-Parameter Fixture Development Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 608 (S.D.N.Y.1996)); *Zavala v. Trece Corp.*, 2019 WL 8405574, at *1 (S.D.N.Y. Apr. 23, 2019) ("However, where the non-debtor defendant is independently liable to a plaintiff for misconduct—e.g., where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors."). This is true even where the judgment in the underlying case could have estoppel effect on the debtors. *See Queenie, Ltd.*, 321 F.3d at 288 (declining to extend "the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision").

Such is the case here. The complaint alleges that "all Defendants were the employers of Plaintiff at all times relevant hereto and Plaintiff was an employee of all Defendants within the meaning of the" Fair Labor Standards Act of 1947 ("FLSA"), 28 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Dkt. No. 1 ¶ 25. "[J]oint employers . . . are jointly and severally liable to the plaintiffs for violations of the FLSA and NYLL." *Cano*, 287 F.R.D. at

2

262. Thus, courts in this Circuit have declined to extend the stay to non-debtor co-defendants in FLSA and NYLL cases. *See, e.g.*, *Zavala*, 2019 WL 8405574, *3; *Cano*, 287 F.R.D. at 262; *Diaz v. Scores Holding Co.*, 2008 WL 7863502, at *3 (S.D.N.Y. May 9, 2008). On the current record, the Court sees no reason to deviate from these holdings, especially because Bankrupt Defendants, by their own admission, no longer own Mommy's Jamaican Market Corp., *see* Dkt. No. 124-1 at 5, and thus, absent additional facts not in the record, "a claim against the non-debtor [business] will [not] have an immediate adverse economic consequence for the debtor's estate," *Queenie, Ltd.*, 321 F.3d at 287.[1]

Nor does the automatic stay prohibit Plaintiff from taking the testimony of or seeking discovery from Bankrupt Defendants. Section 362(a)(1) bars "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). This provision, however, cannot extend to the discovery of information from debtors. If it did, "a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay. Such an interpretation of section 362(a) defies common sense and the spirit of the Code." *In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001); *see also Le Metier Beauty Inv. Partners LLC*, 2014 WL 4783008, at *5 ("[W]hile it would violate the automatic stay provided by Section 362(a) for Plaintiffs to subpoena the Debtor in its capacity as a party-defendant in this proceeding, Section 362(a) does not prevent litigants from obtaining discovery from a debtor as a third-party witness where the requests pertain to claims against the nondebtor parties."); *In re Residential Cap., LLC*, 480 B.R. 529, 536–37 (Bankr. S.D.N.Y. 2012) (adopting this standard but noting that debtors cannot be required "to provide discovery in a manner that threatens the [d]ebtors' ability to reorganize"). Thus, Plaintiff is permitted to subpoena Bankrupt Defendants' testimony and documents in so far as Plaintiff seeks to use this information against Non-Bankrupt Defendants.

The Clerk of Court is respectfully directed to stay this action only with respect to Defendants Kap Won Kim and Myong Su Kim and to close Dkt. No. 143.

SO ORDERED.

Dated: May 18, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Further, it is far from apparent that this is a "consumer debt"—defined as "debt incurred by an individual primarily for a personal, family, or household purpose," 11 U.S.C. § 101(8)—such that the stay provisions of 11 U.S.C. § 1301(a) would apply to Non-Bankrupt Defendants.