UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                   :

SUN YEUL HONG,                                        :

                 Plaintiff,                        :               20-cv-9612 (LJL)

      -v-                                         :              MEMORANDUM AND

MOMMY'S JAMAICAN MARKET CORP., et al.,    :               ORDER

                 Defendants.                    :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Sun Yeul Hong ("Plaintiff" or "Hong"), the prevailing party at trial, moves for an award of liquidated damages under New York Labor Law ("NYLL"), prejudgment interest, post-judgment interest, attorney's fees and costs, and an automatic but conditional 15% increase of the judgment pursuant to New York Labor Law § 198(4). Dkt. No. 194.

## BACKGROUND

       On December 13, 2023, following a three-day trial, the jury found that Defendants Mommy's Jamaican Market Corp. ("Mommy's Jamaican"), Kap Won Kim ("Kap") and Myong Su Kim ("Myong") violated the New York Labor Law by failing to pay Plaintiff, a former employee, his minimum wage for all hours worked by him from January 1, 2019 to September 6, 2020; failing to pay overtime wages for all hours worked by him in excess of 40 hours in any workweek from November 17, 2014 to September 6, 2020; and failing to pay him spread of hour wages for all days he worked more than ten hours a day from November 17, 2014 to September 6, 2020. *See* Dkt. No. 187. The jury also found that Defendants failed to give Plaintiff a wage statement containing all of the required information for each pay period from November 17, 2014 to September 6, 2020. *Id.* at 2. The jury found that Defendants did not act in good faith.

*Id*.  It awarded Plaintiff $521 on his minimum wage claim, $61,489 on his overtime claim, $19,491 on his spread-of-hours claim, and $5,000 on his wage statement claim, for a total of $86,501.  *Id.* at 3.

On January 12, 2024, Plaintiff made this motion for liquidated damages, prejudgment and post-judgment interest, attorney's fees and costs and the automatic but conditional 15% increase of judgment.  Dkt. No. 194.  Defendants filed a memorandum of law in opposition to the motion on March 8, 2024.  Dkt. No. 213.  On March 15, 2024, Plaintiff filed a reply memorandum in further support of the motion.[1]  Dkt. No. 216.

---

[1] Through their then-attorney Peter Y. Lee, Defendants originally filed an opposition to the motion, as well as a motion for sanctions.  Dkt. Nos. 197–199.  On February 23, 2024, Mr. Lee filed an application to be relieved as counsel, Dkt. No. 205, and, on February 27, 2024, the Court granted that application, Dkt. No. 209.  New counsel appeared for Defendants the following day.  Dkt. Nos. 210–212.  The Court granted the application of Defendants through their new counsel to withdraw the motion for sanctions as well as all papers in opposition to the motion for liquidated damages and attorney's fees, and it granted new counsel leave to file a new memorandum of law in opposition to Plaintiff's motion.  Dkt. No. 209.

## DISCUSSION

**I.  Liquidated Damages, Prejudgment and Post-Judgment Interest, and 15% Increase in Judgment if Payment Is Not Timely Made**

Defendants do not oppose Plaintiff's request for liquidated damages, prejudgment and post-judgment interest, and the statutory conditional increase in judgment for failure to pay. Those requests are granted.[2]

New York Labor Law § 198 provides, in pertinent part,

> In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be for a willful violation of Section 194 of this article.

---

[2] In their original opposition to Plaintiff's motion, filed by attorney Lee, Defendants complained that Plaintiff's post-trial motion was procedurally defective because it is not signed and was not accompanied with a separate notice of motion. Dkt. No. 198 at 4. Defendants withdrew those arguments. The first argument is without merit. The second argument is rejected. First, while Federal Rule of Civil Procedure Rule 11(a) requires every written motion filed by a represented party to be signed by at least one attorney of record in the attorney's name and requires the court to strike "an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention," Fed. R. Civ. P. 11(a), under Rule 5, "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature," Fed. R. Civ. P. 5(d)(3)(C). Plaintiff's filing was made electronically, bears a signature block with the name of counsel, and contains his "slash" signature. Dkt. No. 194 at 1. Second, Defendants are correct that Plaintiff failed to comply with Local Civil Rule 7.1's requirement that, except for letter motions, all motions filed in the Southern District of New York include (1) a notice of motion or an order to show cause signed by the Court; (2) a memorandum of law; and (3) supporting affidavits and exhibits. S.D.N.Y. Local Civil Rule 7.1. However, the Court has authority to excuse that violation of the Local Rules. *See Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 74 (2d Cir. 2005) (per curiam) (recognizing the "inherent authority of a district court to overlook violations of, or depart from, its own local rules, to permit a district court similarly to overlook failures to comply with requirements of its electronic filing system").

N.Y. Lab. Law § 198(1-a). New York Labor Law § 663 is to the same effect. *See* N.Y. Lab. Law § 663(1). Thus, "[i]f an employer violates the minimum-compensation provisions of the . . . NYLL, it is liable for both past-due wages and an equal amount in liquidated damages." *Brito v. Lucky Seven Rest. & Bar, LLC*, 2021 WL 1131506, at *13 (S.D.N.Y. Mar. 24, 2021). The jury found that Defendants underpaid Plaintiff in the amount of $81,501 and further found that Defendants failed to prove good faith. Dkt. No. 187 at 2–3. Accordingly, Plaintiff is entitled to liquidated damages of $81,501.

In addition, "even where NYLL liquidated damages are awarded, pre-judgment interest may be awarded pursuant to New York C.P.L.R. Section 5001." *Sai Qin Chen v. E. Mkt. Rest., Inc.*, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018); *see Zokirzoda v. Acri Café Inc.*, 2020 WL 359908, at *6 (S.D.N.Y. Jan. 22, 2020) ("The NYLL provides for an award of prejudgment interest in addition to liquidated damages."); *Herrera Lopez v. Metrowireless 167 Inc.*, 2020 WL 289785, at *4 (S.D.N.Y. Jan. 21, 2020) (same); *Underwood v. TAFSC Hous. Dev. Fund Corp.*, 2019 WL 5485211, at *5 (S.D.N.Y. Oct. 25, 2019) (same); *Zhen Ming Chen v. Y Café Ave B Inc.*, 2019 WL 2324567, at *4–5 (S.D.N.Y. May 30, 2019) (same). "Prejudgment interest is calculated on a simple basis and applies only to the lost wages, not the liquidated damages or statutory damages." *Augusto Corrales v. AJMM Trucking Corp.*, 2020 WL 1911189, at *4 (S.D.N.Y. Apr. 20, 2020) (citing *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015)); *see Zokirzoda*, 2020 WL 359908, at *6 ("Prejudgment interest is available only for actual damages under the NYLL, not liquidated damages or statutory penalties."); *Keawsri v. Ramen-Ya Inc.*, 2022 WL 3152572, at *3 (S.D.N.Y. Aug. 8, 2022). Under C.P.L.R. § 5001(b), where "damages were incurred at various times, interest [is] computed upon each item from the date it was incurred or upon all damages from a single reasonable intermediate date."

4

N.Y. C.P.L.R. § 5001(b). The time period during which Plaintiff was underpaid extends from November 14, 2014, to September 6, 2020, and Plaintiff calculates the midpoint between those dates as October 12, 2017. Dkt. No. 194 at 1. Without dispute, Plaintiff further calculates that there are 2,253 days between October 12, 2017 and December 13, 2013, the date of the verdict. *Id.* Plaintiff thus requests $45,277 as prejudgment interest. *Id.* Defendants do not dispute the calculations or the reasonableness of Plaintiff's methodology. Accordingly, Plaintiff is awarded $45,277 as prejudgment interest.

Plaintiff also requests post-judgment interest, and Defendants do not object. Plaintiff is entitled to post-judgment interest at the statutory rate under 28 U.S.C. § 1961. *See, e.g.*, *Burns v. Scott*, 635 F. Supp. 3d 258, 283 (S.D.N.Y. 2022). The Second Circuit has explained that an award of post-judgment interest is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). In addition, New York Labor Law § 198(4) provides that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law § 198(4). The Court finds this provision applicable here.

## II.  Attorney's Fees

Plaintiff seeks attorney's fees of $354,636.50. Dkt. No. 194 at 13. Defendants oppose the request and argue that Plaintiff should be awarded no more than $134,799.09 in attorney's fees. Dkt. No. 213 at 5.

"Under . . . the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Indeed, the award of attorney's fees is often necessary to further labor law's "objective of secur[ing] legal

5

representation for plaintiffs whose wage and hour grievance were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 11 (S.D.N.Y. 2015) (quoting *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y.), *aff'd*, 356 F. App'x 495 (2d Cir. 2009) (summary order)). "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Newman v. W. Bar & Lounge, Inc.*, 2021 WL 2401176, at *12 (E.D.N.Y. June 11, 2021); *Keawsri v. Ramen-Ya Inc.*, 2021 WL 3540671, at *22 (S.D.N.Y. Aug. 10, 2021).

As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorney's fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application. *See, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011). This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original).

A. **Reasonable Hourly Rates**

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying

client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court may reduce the requested rate. *See Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

A reasonable hourly rate is one "in line with . . . prevailing [rates]" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts also "look to the area of legal practice at issue," because "legal markets are today so interconnected that it is no longer meaningful, in assessing a reasonable rate, to look at geographic location alone." *J.G. v. N.Y.C. Dep't of Educ.*, 2024 WL 728626, at *3 (S.D.N.Y. Feb. 22, 2024). In setting a reasonable hourly rate, the Court should consider, *inter alia*, the "*Johnson* factors" enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009)

(citing *Arbor Hill*, 522 F.3d at 187).[3]  In determining what a reasonable client would be willing to pay, the Second Circuit in *Arbor Hill* specifically instructs courts to:

> [C]onsider factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

522 F.3d at 184.

Defendants challenge the reasonableness of both Plaintiff's hourly rates and Plaintiff's billed hours.  Plaintiff seeks an award of attorney's fees based on hourly rates for lead counsel Michael Hyunkweon Ryu of $430 per hour in 2020, $480 per hour in 2021, $510 per hour in 2022, and $560 per hour in 2023.  Dkt. No. 194 at 9.  Because the case proceeded to trial in 2023, most of the hours billed were at the highest rate of $560 per hour.  Plaintiff bases his fee request also on hourly rates for attorney Sara Ryu of $255,[4] $150 per hour for law clerk Gregory Lee, and $120 per hour for paralegal Cathy Kim.  *Id.*  Defendants argue that the hourly rates for Mr. Ryu should be no more than $325 per hour or $460 per hour at the high end, Dkt. No. 213 at

---

[3] The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.  A district court need not, however, recite and make specific findings as to all twelve *Johnson* factors, provided it takes each into account.  *Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order).

[4] Because Ms. Ryu is not admitted to practice in the Southern District of New York, her hourly rate was halved.  Dkt. No. 194 at 9.

3, 8 n.3, that Plaintiff should be awarded no fees for the time of Ms. Ryu, that the rate for law clerk Lee should be no more than $125 per hour, *id.* at 10–11, and that the rate for paralegal Kim should be no more than $100 per hour, *id.* at 9–10. The Court addresses each *in seriatim*.

1. **Lead Counsel**

Mr. Ryu, lead counsel in this case, which was initiated in late 2020, Dkt. No. 1, is admitted to practice in the Southern District of New York and has approximately twenty years of legal experience. Defendants contend that Mr. Ryu has not submitted evidence regarding the depth of his experience, Dkt. No. 213 at 6, but in a prior filing, Mr. Ryu represented that he has been practicing law since 2004 in various jurisdictions, including the federal and state courts and the patent office, and has litigated many wage and hour cases in federal and state courts of New York and Maryland, Dkt. No. 21 at 22. And in the fee application currently pending before the Court, Mr. Ryu added that he has also practiced in the federal and state courts of New Jersey, the District of Columbia, and Virginia, and has litigated wage and hour cases in federal and state courts not only in New York and Maryland but also the District of Columbia and Virginia. Dkt. No. 194 at 10.

The rates for attorneys in FLSA cases in this District generally range from $250 or lower at the low end to $450 or somewhat higher for lead counsel or more senior counsel. *See, e.g., Lee v. Mani & Pedi Inc.*, 2022 WL 3645118, at *4 (S.D.N.Y. Aug. 24, 2022) (citing cases); *see also Lu Wan v. YWL USA Inc.*, 2021 WL 1905036, at *5 (S.D.N.Y. May 12, 2021) ("[C]ourts in this District have recently determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour." (internal citations and quotations omitted)); *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 655 (S.D.N.Y. 2019) (finding $600 rate reasonable for an attorney who had practiced law for 32 years and had "vast experience practicing law and in wage-and-hour cases" and $275 an hour reasonable for an

attorney only recently admitted to the bar). Mr. Ryu has not demonstrated that he has the years of experience in labor law cases of those attorneys awarded the highest rates in this District. *See Montalvo v. Paul Bar & Rest. Corp.*, 2023 WL 6519717, at *10 (S.D.N.Y. Aug. 11, 2023), *report and recommendation adopted as modified*, 2023 WL 5928361 (S.D.N.Y. Sept. 13, 2023) (awarding $450 an hour for attorney with two decades of experience in FLSA cases); *Keawsri*, 2022 WL 3152572, at *4 (finding $450 an hour to be a reasonable rate for lead attorney in trial); *Ochoa v. Prince Deli Grocery Corp.*, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (awarding $450 hourly rate to principal attorney at law firm).

The relative simplicity of the case cuts in favor of a reduction in counsel's hours. This case, which involved only one plaintiff as opposed to a collective action, was not particularly complicated. *Cf. Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 380 (W.D.N.Y. 2016) (explaining that collective action involving many plaintiffs alleging violations of both federal and state law would be complicated).

At the same time, however, the Court recognizes that Defendants' dilatory and obstructive tactics made the litigation both more complex and more protracted than common in a single-plaintiff NYLL case. Plaintiff had to research and litigate more issues than one would expect in such a case. The Court also recognizes that the protracted nature of the litigation created additional risk for counsel, requiring the lawyers to invest both time and resources over a period of years in order to obtain a favorable result for the client. And, at oral argument, Mr.

Ryu demonstrated considerable knowledge of the applicable law. Accordingly, the Court finds that a rate of $425 per hour, regardless of year billed, is reasonable for Mr. Ryu.[5]

### 2. Secondary Counsel

Ms. Ryu, who has been practicing law for 22 years, Dkt. No. 216 at 3, is not admitted to the bar of this Court but is admitted to practice in the state courts of New York, Dkt. No. 194 at 9. As an attorney, Ms. Ryu's hourly rate was $420 in 2020, $460 in 2021, and $510 in 2022 and 2023, and she billed at this rate until the trial. Dkt. No. 194 at 9. The Court reduces Ms. Ryu's hourly rates on three independent bases. First, Ms. Ryu does not practice labor law. Although she "is familiar with the wage and hour litigations in various jurisdictions," she primarily practices immigration law. Dkt. No. 216-1 ¶ 5; *see, e.g., Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 252 (S.D.N.Y. 2019) (reducing hourly rate of attorney who had not specialized in relevant practice). Second, at trial, Ms. Ryu cut her wage in half, to $255 per hour, in recognition of the fact that she was doing the work of a paralegal. Dkt. No. 216 at 3. But this rate is far above the $100 to $150 "typical" range that courts in this District have generally found reasonable. *Galindo v. Yummy Foods Deli Corp.*, 2024 WL 947283, at *17 (S.D.N.Y. Jan. 17, 2024); *see also Najera v. Kurtishi*, 2024 WL 180867, at *3 (S.D.N.Y. Jan. 17, 2024) ($125 hourly rate is reasonable for paralegals in NYLL case). While Ms. Ryu is no doubt more experienced than the average paralegal, since her work at the trial was paralegal in nature, the

---

[5] The Court recognizes that, on Plaintiff's motion for a default judgment, it previously found a rate of $460 an hour to be reasonable for Mr. Ryu. *See Hong v. Mommy's Jamaican Mkt. Corp.*, 2021 WL 4843912, at *5 (S.D.N.Y. Oct. 15, 2021), *vacated on other grounds*, 2021 WL 6064101 (S.D.N.Y. Dec. 22, 2021). However, as an empirical matter, higher rates have been "awarded where they are 'unopposed and awarded in the context of a default judgment.'" *Montalvo*, 2023 WL 6519717, at *10 (quoting *Wan v. YWL USA Inc.*, 2021 WL 1905036, at *6 (S.D.N.Y. May 12, 2021)). That the Court found the earlier rate to be reasonable in the absence of adversarial testing does not mean that it should adhere to that rate now that the Court has the benefit of more fulsome briefing.

Court finds the hourly rate of $255 to be unreasonable. *See, e.g., Doe v. Unum Life Ins. Co. of Am.*, 2016 WL 335867, at *6 (S.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 749886 (S.D.N.Y. Feb. 23, 2016) (finding that the $240 sought hourly rate for senior paralegals was too high); *M.H. v. N.Y.C. Dep't of Educ.*, 2021 WL 4804031, at *15 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom*, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) ("Paralegals with evidence of specialized qualifications typically receive $120- or $125-per-hour."); *see also Union Cent. Life Ins. Co. v. Berger*, 2013 WL 6571079, at *6 (S.D.N.Y. Dec. 13, 2013) ("Courts frequently reduce fee requests where work that could have been handled by more junior lawyers was instead performed by a senior partner.") (collecting cases). Third, counsel's submissions indicate that Ms. Ryu billed at her higher rate as an attorney despite doing administrative work before trial. For example, counsel states that Ms. Ryu often "proofread" documents, Dkt. No. 216 at 3, although proofreading is a task that can "be done by a paralegal rather than an attorney," *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, 2021 WL 2333242, at *6 (S.D.N.Y. June 8, 2021). Accordingly, balancing her work as an attorney outside her primary area of practice, and her work as a paralegal, the Court concludes that a rate of $200 per hour is appropriate for her. *See, e.g., Sanchez*, 381 F. Supp. 3d at 252; *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 721 (S.D.N.Y. 2018) (finding percentage fee reduction warranted where some of attorney's work "could have been performed by a more junior attorney, or even by a paralegal").

       3.     **Law Clerk**

Plaintiff characterizes Gregory Lee as a "law clerk"—a term that courts in this District generally understand as a law school graduate not yet admitted to the bar, *see, e.g., Williams*, 368 F. Supp. 3d at 659; *Argudo v. RUGO, LLC*, 2023 WL 6811664, at *4 (S.D.N.Y. Oct. 16, 2023); *H.W. v. N.Y.C. Dep't of Educ.*, 2023 WL 6545461, at *5–6 (S.D.N.Y. July 10, 2023), but his

briefing indicates that Mr. Lee was still a law student at the time of his work on the case. *See, e.g.*, Dkt. No. 194 (stating that Lee "is currently waiting for graduation to take the bar exam"). Accordingly, for billing purposes, he is appropriately treated like a law student, rather than a law clerk, as courts in this District understand that term. "Like paralegals, law student clerks are compensated at prevailing market rates. Students are generally billed at rates similar to those of paralegals." *Medina v. Buther*, 2019 WL 4370239, at *11 (S.D.N.Y. Sept. 12, 2019); *see Ng v. King Henry Realty, Inc.*, 2016 WL 6084074, at *5 (S.D.N.Y. Oct. 7, 2016) ("Law student interns and paralegals are generally compensated at the same rate."). Accordingly, Plaintiff's counsel is entitled to no more than an hourly rate of $125 for the Mr. Lee's work. *See, e.g.*, *Barzilay v. City of New York*, 2023 WL 2917304, at *3 (S.D.N.Y. Apr. 12, 2023) ($125 hourly fee "for law students and paralegals" is "in line with rates recently awarded in this District"); *see also Taveras v. City of New York*, 2024 WL 756361, at *1 (S.D.N.Y. Feb. 23, 2024) ("[T]he 'prevailing hourly rate for non-attorney staff, including law clerks, paralegals, and clerical staff, is $100 in this District.'" (quoting *Ramirez v. Marriott Int'l*, 2023 WL 2447398, at *5 (S.D.N.Y. Mar. 10, 2023))).

        **4.    Paralegal**

Plaintiff represents that paralegal Cathy Kim's regular rate is $180 per hour, but requests $130 per hour in this fee petition. Dkt. No. 194 at 9. As the Court has previously held, Plaintiff is entitled to $100 per hour for the time of the paralegal. *See Hong*, 2021 WL 4843912, at *5. This is consistent with the hourly rate awarded in this District. *See, e.g.*, *Weng v. New Shanghai Deluxe Corp.*, 3034 WL 1116144, at *2 (S.D.N.Y. Mar. 13, 2024) ("[F]or paralegals, courts in this District generally consider hourly rates of between $100 to $150 to be reasonable."); *Vargas Garcia v. Park*, 2019 WL 6117596, at *5 (awarding $100 per hour for the services of a "translator/paralegal").

13

## B.     Reasonable Hours Billed

Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). Defendants urge the Court to do so. Specifically, Defendants highlight as excessive: (1) the approximately 336.9 hours that were billed in connection with the trial (resulting in fees of $131,914.50), including time for pretrial preparation, attendance at the trial, and post-trial submissions; (2) the approximately 135 hours billed in connection with Plaintiff's summary judgment motion; (3) approximately 59.2 hours billed for preparing and finalizing responses to discovery demands between July 28, 2022 and October 24, 2022; and (4) approximately 47 hours for negotiating a settlement and preparing for and attending settlement conferences. Dkt. No. 213 at 12–13. Defendants also argue that many of Plaintiff's time entries are for non-legal tasks and that other time entries are too vague to allow for meaningful judicial scrutiny. *Id.* at 13.

Plaintiff does not challenge Defendants' calculations but argues that the time was well and appropriately spent—in short, that the hours were not excessive.[6] He contends, for example, that the hours spent on settlement were reasonable because there were two settlement conferences held by the Magistrate Judge and an attempt to settle during trial. Dkt. No. 216 at 4. He also argues that the motions for summary judgment and to set aside the vacation of the default judgment were reasonable in that, as to both motions, the issues were close and a victory on either would have avoided the need for trial. *Id.* at 5.

---

[6] Plaintiff does argue that "[t]he defendants contradict themselves alleging the hours related to trial as 276 hours and trial prep as 135.2 hours but combined the trial and trial prep as 336.9 hours." Dkt. No. 216 at 4. However, Plaintiff does not dispute that a total of 336.9 hours were spent on trial preparation and trial itself.

There is force to the arguments made on both sides, but the Court ultimately concludes that some of counsel's hours were excessive. Counsel did not need over 20 hours, Dkt. No. 214-1 at 4–5, to prepare Plaintiff for deposition, *see, e.g.*, *Nnodimele v. City of New York*, 2015 WL 4461008, at *5–6 (E.D.N.Y. July 21, 2015). He did not need 12 hours to prepare for the 3-hour deposition of one of the defendants and then another one hour to analyze the deposition. *Id.* at 5. Having spent extensive time preparing for deposition and then having spent extensive time briefing summary judgment including preparing lengthy statements in support of summary judgment, Plaintiff did not need hundreds of hours for trial and trial preparation. In addition, the time spent on settlement was excessive. The Court was present for one of the settlement conferences, and finds that the 47 hours spent on settlement was not warranted.

At the same time, however, it also is true that the Defendants themselves did much to multiply costs in this case, by resisting discovery at every turn and by forcing Plaintiff to call translators and engage in other expenses when the issues for trial were relatively narrow and could have been far less expensively tried. Courts have held defendants who employed dilatory and vexatious litigation tactics liable for resultant attorney's fees that the plaintiff incurred. *See, e.g.*, *Palaguachi v. All City Remodeling, Inc.*, 2018 WL 11226108, at *3 (S.D.N.Y. Apr. 20, 2018). For example, had Defendants not defaulted in the first instance, Plaintiff would have avoided all of the costs associated with the motion for a default judgment. Plaintiff had a well-founded basis for moving to set aside the order vacating the default judgment. If, as the Court will hold, Defendants will have to pay in attorney's fees a sum far in excess of what Plaintiff recovered in damages, that is a problem of Defendants' own manufacture based on how Defendants handled this matter.

The Supreme Court has emphasized that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). The Court's role is not to act as a "green-eyeshade" accountant but "to do rough justice." *Id.* "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Williams*, 368 F. Supp. 3d at 661 (quoting *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd*, 2018 WL 3094913 (S.D.N.Y. June 21, 2018)); *see also Cruz v. Space NY 50th St LLC*, 2019 WL 4061492, at *5 (S.D.N.Y. Aug. 28, 2019). "[I]n dealing with . . . surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *N.Y. Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). Taking into account the excess hours billed by Plaintiff and the unreasonable rates used by Plaintiff in his calculation of the attorney's fees owed, the Court will award 50% of the attorney's fees requested—from $354,636.50 to $177,318.25. *See, e.g.*, *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (limited success in litigation justified a 50% reduction in attorney's fees); *Vanacore v. Expedite Video Conferencing Servs., Inc.*, 2019 WL 96243, at *4 (E.D.N.Y. Jan. 3, 2019), *aff'd*, 792 F. App'x 130 (2d Cir. 2020) (summary order) (applying "an across the board reduction of hours worked by . . . counsel of 50%" based on hours billed for non-legal work); *see also Cawthon v. Zhousunyijie*, 2024 WL 1156073, at *11 (S.D.N.Y. Mar. 18, 2024); *Proimmune Co., LLC v. Holista Colltech Ltd.*, 2024 WL 54281, at *5 (S.D.N.Y. Jan. 4, 2024). That figure accounts for the hourly rate that the Court deems appropriate for Plaintiff's counsel and the duplicative and unnecessary hours billed by Plaintiff's counsel in this case, but also recognizes

16

that other hours spent in preparing and filing briefs and in trying this matter were not unreasonable.

**III.  Costs**

Fee awards include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  These "costs" may include photocopying, travel, telephone costs, *id.*, as well as filing fees and reasonable process-server fees, *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).  "Such expenses must be substantiated by documentations, such as docketed fees, invoices, receipts, or sworn declarations." *Perez-Luna v. Ageha Japanese Fusion, Inc.*, 2018 WL 8996336, at *1 (S.D.N.Y. Sept. 28, 2018).

Plaintiff requests costs of $18,460.09.  Dkt. No. 194 at 13.  Defendants object to $2,763.50 of Plaintiff's costs, which consist of the travel expenses for Dr. Kim for a court appearance on December 11, 2023, the interpreter for the evidentiary hearing on May 19, 2023, and translation services of Dr. Kim dated November 3, 2022.  Dkt. No. 213 at 14–15.

Other courts in this district have approved such costs.  *See, e.g.*, *Nissim v. Kirsh*, 2020 WL 3496988, at *4–5 (S.D.N.Y. June 29, 2020).  The Court has reviewed all of the expenses and concludes that each is adequately documented, reasonable, and of the type commonly reimbursed by courts in this District.  *See, e.g.*, *Run Guo Zhang v. Lin Kuomo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015) (approving interpreter expenses); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *8–9 (S.D.N.Y. Sept. 30, 2010) (Chin, J.) (filing fee and expenses for transcription services and interpreter all recoverable); *Benihana, Inc. v. Benihana of Tokyo, LLC*, 2017 WL 6551198, at *7 (S.D.N.Y. Dec. 22, 2017) (finding travel costs recoverable); *see also Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x

17

599, 605 (2d Cir. 2012) (summary order) (describing "in-house duplication costs, telephone charges, meals, overtime, local transportation, postage, electronic legal research, and messenger service" as "the sort of expenses that may ordinarily be recovered as part of a fee award" (internal quotation marks omitted)).  Accordingly, Plaintiff is awarded the requested $18,460.09 in costs.

## CONCLUSION

For the foregoing reasons, the motion for attorney's fees and costs is GRANTED IN PART and DENIED IN PART.

Plaintiff is awarded liquidated damages in the amount of $81,501, prejudgment interest in the amount of $45,277, post-judgment interest under 28 U.S.C. § 1961(a), attorney's fees in the amount of $177,318.25, and costs in the amount of $18,460.09.  In addition, the judgment shall reflect that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent. N.Y. Lab. Law § 198(4).  Plaintiff is directed to submit a proposed judgment, consistent with this Memorandum and Order, within seven days.

The Clerk of Court is respectfully directed to close Dkt. No. 194.

SO ORDERED.

Dated: March 21, 2024
      New York, New York　　　　　　　　　　　　　　　LEWIS J. LIMAN
                                                                  United States District Judge