```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
SUN YEUL HONG,                                                :
:
Plaintiff,                                :
:                    20-cv-9612 (LJL)
-v-                                                       :
:                    MEMORANDUM &
MOMMY'S JAMAICAN MARKET CORP. et al.,                        :                    ORDER
:
Defendants.                              :
:
---------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Before the Court is Plaintiff Sun Yeul Hong's ("Plaintiff") motion objecting to this Court's March 21, 2024 Memorandum and Order awarding attorneys' fees in the amount of $177,318.25. Dkt. No. 221. Plaintiff contends that an attorneys' fee award should be increased from $177,318.25 to $265,677.40. Dkt. No. 222 at 7. Although Plaintiff styles his motion as a motion to "alter judgment" under Federal Rule of Civil Procedure 59(e), *see* Dkt. No. 221, because final judgment has not yet been entered in this case, the Court construes the motion as a motion for reconsideration, *see, e.g.*, *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 198 (2d Cir. 2006); *Lewis v. Westchester County*, 2023 WL 5397291, at *3 (S.D.N.Y. Aug. 22, 2023); *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *4 (S.D.N.Y. May 28, 2015). For the following reasons, Plaintiff's motion is denied for two independently sufficient reasons.

First, whether considered a motion for reconsideration[1] or a motion for modification,[2] the request is untimely. "As numerous cases from this Circuit have held, the untimeliness of [such] a motion . . . is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases). But the motion also fails on its merits.

Plaintiff's motion for reconsideration or modification pursuant to Rule 59 fails for the independent reason that it does not "identif[y] 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). Rather, "the standard for granting such a motion is strict, and reconsideration

---

[1] If considered a motion for reconsideration, the Plaintiff's motion for reconsideration is untimely. Pursuant to Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." S.D.N.Y. Local Rule 6.3. Plaintiff's motion seeking reconsideration of the Court's March 21, 2024 order was not made until April 19, 2024, nearly a month after the Court's decision. "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 366 (S.D.N.Y. 2009) (citing *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) and *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).

[2] To the extent that Plaintiff contends that the motion should be styled as one for modification, and thus the applicable time limit is twenty-eight days, *see* Dkt. No. 222 at 4, the Court notes that its Memorandum and Order was dated March 21, 2024, and thus time to move to modify the order ran on April 18, one day before Plaintiff filed his motion, *see* Dkt. Nos. 221–222. In any case, the motion fails on its merits, as discussed *infra*.

will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has failed to point out any evidence or controlling law that the Court overlooked. All of the evidence to which the Plaintiff directs the Court's attention was available well before his initial motion for attorneys' fees was made. And almost all of the evidence, save for the pay matrices, was submitted by Plaintiff in his initial motion and considered by the Court. As the numerous case citations in the Court's initial opinion reflect, *see* Dkt. No. 217, the Court was aware of the existing precedent regarding attorneys' fees, and applied it faithfully. It would have come to the identical conclusion even if Plaintiff had submitted the pay matrices. Accordingly, Plaintiff has failed to meet the standard for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to increase the attorneys' fees award contemplated in this Court's March 21, 2024 Memorandum and Order is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 221.

SO ORDERED.

Dated: May 16, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge