```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/25/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
SUN YEUL HONG,                                                      :
                                                                    :
                         Plaintiff,                                 :
                                                                    :         20-cv-9612 (LJL)
              -v-                                                   :
                                                                    :         MEMORANDUM AND
MOMMY'S JAMAICAN MARKET CORP. et al.,                               :              ORDER
                                                                    :
                         Defendants.                                :
                                                                    :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

By Opinion and Order dated August 14, 2024, the Court denied Defendants' motion for sanctions against their former attorney, Peter Y. Lee, Esq. ("Mr. Lee"), but held that Defendants were entitled to reimbursement for the fees and costs they incurred in bringing the motion for sanctions and directed Defendants to file a fee application. Dkt. No. 262.[1] On September 16, 2024, Defendants filed a fee application seeking $97,178.75 in fees and $1,136.24 in costs incurred in bringing their motion for sanctions. Dkt. No. 264. No opposition has been filed.

For the following reasons, the fee application is granted in part and denied in part.

---

[1] The underlying facts and the Court's reasoning regarding the sanctions motion are detailed at length in the Court's prior Opinion and Order. Dkt. No. 262. In brief, following a trial in this matter, both Plaintiff and Defendants filed motions for sanctions against Defendants' former counsel who had tried the case, alleging that he had committed fraud on the court and unreasonably and vexatiously prolonged the proceedings beginning with his motion to vacate the default judgment originally granted against Defendants and continuing through the proceedings. *See* Dkt. Nos. 226, 239. After briefing and a hearing, the Court sanctioned Mr. Lee but determined that the sanctions should be awarded to the Plaintiff and the Court, not to Defendants. However, the Court held that Defendants were entitled to recover the cost of bringing the motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority. Dkt. No. 262 at 46.

**DISCUSSION**

Defendants request fees based on the work of two shareholders, one associate, two paralegals, and a summer associate at Cole Schotz P.C. ("Cole Schotz") at rates ranging from $900/hour to $275/hour and for a total of 184.35 hours of work between February 24, 2024 and September 13, 2024. Dkt. Nos. 264-1, 264-2. The fees are requested for work performed in connection with investigating and bringing the motion for sanctions, attending the related sanctions hearing, and compiling the fee application itself.

The "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). That fees are being awarded as part of a sanction as opposed to under a statute does not change that analysis. *See Laba v. JBO Worldwide Supply Pty Ltd.*, 2023 WL 4985290, at *13 (S.D.N.Y. July 19, 2023) ("When awarding fee applications as a sanction, district courts calculate a lodestar figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate.") (internal citation omitted). The party seeking the fees bears the burden of establishing that its requested rates are reasonable. *Id*. (internal citations omitted).

**I.    Reasonable Hourly Rate**

"The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The Second Circuit has instructed district courts to "calculate a 'presumptively reasonable fee' by determining the appropriate

2

billable hours expended and 'setting a reasonable hourly rate, taking account of all case-specific variables.'" *Lilly*, 934 F.3d at 229–30 (citing *Arbor Hill*, 522 F.3d at 188–90). "An attorney's hourly rate is considered reasonable when it is in line with those rates prevailing" in the district in which the court sits "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M&B Builders Grp. Inc.*, 2018 WL 6067229, at *5 (S.D.N.Y. Nov. 19, 2018) (citation and punctuation omitted); *accord McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The Court considers both the evidence submitted by the party as to rates they typically charge and its own knowledge of comparable rates in the area of legal practice at issue and in the District. *See Ruradan Corp. v. City of New York*, 2024 WL 3567276, at *3 (S.D.N.Y. July 29, 2024) (internal citations omitted).

In considering a reasonable hourly rate, the Second Circuit has instructed courts to consider:

> factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Suarez v. Liquid Blue, Inc.*, 2024 WL 2978311 (S.D.N.Y. June 12, 2024) (quoting *Arbor Hill*, 522 F.3d at 189). Courts can also consider the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the

>time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly*, 934 F.3d at 228 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

### A.    Attorneys

Defendants request a rate of $825 to $900 per hour[2] for the work of Joseph Barbiere. Mr. Barbiere is a shareholder at Cole Schotz and has approximately twenty-four years of experience litigating in New York and New Jersey across a range of industries and subject areas, including disputes involving real estate, contracts, debtor/creditor issues, fraudulent transfers, asset recovery, lender liability, business divorces, and professional responsibility and attorney ethics matters. Dkt. No. 264 at 3. Mr. Barbiere has received recognition from various industry groups and lectured for the New York State Bar Association and other groups in the areas of commercial foreclosure, business litigation, debtor/creditor law, and commercial disputes, and has authored articles on business torts and commercial real estate law. *Id*. Mr. Barbiere previously served on the District Ethics Committee for Bergen County South in New Jersey. *Id*.

Defendants request a rate of $650 to $750 per hour for the work of Eric S. Latzer, who is also a shareholder at Cole Schotz. *See* Dkt. No. 264 at 4. Mr. Latzer has thirteen years of experience, primarily in New York and New Jersey and specializes in complex commercial litigation as well as real estate and shareholder/business disputes. *Id*. He represents individuals across a range of industries including restaurant and hospitality, construction, sports, and life

---

[2] Defendants note that the billing rate at Cole Schotz increased on September 1, 2024, and therefore time spent after that date, namely, on the instant fee application, was billed at a higher rate. *See* Dkt. No. 264 at 3 n.2.

sciences. *Id*. He currently serves on the District Ethics Committee for Bergen County South. *Id*.

Defendants request a rate of $455 to $535 per hour for the work of Matthew A. Barish, who is an associate at Cole Schotz with six years of experience who specializes in complex commercial litigation and shareholder/business disputes in New York and Florida, including in commercial lending, construction, real estate, restaurant and hospitality, and sports. *Id*. at 5–6.

In considering a reasonable rate for the work of these attorneys in this matter the Court is mindful that the exercise is context-specific. The same attorney might command a different rate across different cases depending on the complexity and other case-specific factors. *See, e.g.*, *Robles v. City of N.Y.*, 2021 WL 1034773, at *5 (S.D.N.Y. Feb. 26, 2021); *see also E.L. v. N.Y.C. Dep't of Educ.*, 2024 WL 3887154, at *3 (S.D.N.Y. Aug. 21, 2024) (court can consider complexity of dispute when it evaluates reasonably expended time and reasonable hourly rate); *Access Bio, Inc. v. Division 5 Labs, Inc.*, 2024 WL 3084990, at *2 (S.D.N.Y. June 20, 2024) (reducing rates given relatively lower complexity compared to other cases attorney might litigate); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 2023 WL 2870484, at *3 (S.D.N.Y. Apr. 10, 2023) (inquiry into reasonable rate is case-specific "meaning that a reasonable rate for a routine task in a simple case may be quite different from a reasonable rate for a complex task in a challenging case, even when performed by the same firm or the same attorney" (internal citations omitted)).

Counsel from Cole Schotz began its representation of Defendants after trial in this matter had concluded and their representation largely focused on efforts to sanction Defendants' former counsel and have those sanctions payable to Defendants by way of reimbursing them for the legal fees they had paid their former counsel and receiving treble damages under New York

Judiciary Law § 487. *See* Dkt. No. 230. Defendants are the ones who initially brought key evidence to the Court that ultimately did result in Mr. Lee being sanctioned; those sanctions will provide a benefit to Defendants. *See* Dkt. No. 204. However, the investigation undertaken by counsel did not involve complex issues and involved relatively few key documents—all of which were known to Defendants, within their possession, and relatively easy to obtain (i.e., the retainer agreement, payment records, a handful of text messages and emails)—and counsel had the benefit of prior attempts by Plaintiff to raise the central issue of when Mr. Lee was first retained by Defendants (though Plaintiff's prior attempts were unsuccessful without the evidence that Defendants later brought to the Court's attention). *See* Dkt. No. 262 at 4–13. There was no complicated electronic discovery or need for the hiring of experts or third-party investigators. Moreover, the legal issues related to sanctions were not particularly complicated to brief. They did not involve "novel and complex" issues in "areas of unsettled law or issues of first impression." *Penzo*, 2024 WL 3966694, at *5. While the Cole Schotz attorneys may have experience in complex civil litigation matters, this was not one of them. Additionally, while Mr. Barbiere and Mr. Latzer have both served on the District Ethics Committee for Bergen County South, only Mr. Barbiere mentions experience litigating attorney ethics matters and it does not appear that the lawyers here specialize in labor law nor in attorney ethics. *See, e.g.*, *Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 252 (S.D.N.Y. 2019) (reducing hourly rate of attorney who had not specialized in relevant practice). [3]

---

[3] Defendants cite to another court in this District that held rates higher than those requested here to be reasonable in the context of a sanctions motion under Section 1927. *See Laba v. JBO Worldwide Supply Pty Ltd.*, 2023 WL 4985290, at *14 (S.D.N.Y. July 19, 2023). But that was not a FLSA case and it involved significantly more complex issues, including the need to hire an expert and to analyze potential forgery whereas here, the misconduct was obvious from basic documents counsel could obtain from its clients.

Importantly, the requested rates for the three attorneys here are much higher than what this Court has found to be reasonable in FLSA cases (including in this specific case). *See Hong v. Mommy's Jamaican Market Corp.*, 2024 WL 1242507, at *6 (S.D.N.Y. Mar. 31, 2024) (rates for FLSA attorneys range from $250 per hour or lower at the low end to $450 or somewhat higher for lead counsel or more senior counsel) (collecting cases); *see also Chen v. Hunan Manor Ents.*, 2024 WL 2140119, at *5 (S.D.N.Y. May 14, 2024) ("Case law reflects that in this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour.") (internal citations omitted). Defendants point out that Cole Schotz attorneys did not actually represent Defendants with respect to the underlying FLSA or NYLL claims, but came in solely to deal with the sanctions issues after trial. Dkt. No. 264 at 4. Nonetheless, the underlying case is still one regarding FLSA. A reasonable hourly rate is not one that some clients might be willing to pay or in fact did pay, but is what a hypothetical paying client wishing to spend the minimum necessary to litigate the case effectively would pay. *See Arbor Hill*, 522 F.3d at 190; *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 596–97 (S.D.N.Y. 2012). Defendants could have hired FLSA attorneys to litigate the sanctions issue.

The Court has already found Mr. Lee liable for Plaintiff's excess attorney's fees in this matter totaling $174,259.25, which represented approximately two and a half years of work. Dkt. No. 262 at 49. Defendants' counsel here is requesting fees solely for work in bringing the motion for sanctions, a relatively small portion of the entire case, and is not entitled to half of what Plaintiff was awarded for multiple years of work and trial. Plaintiff's counsel litigated this case through trial and in fact achieved relief for his client. While Defendants did raise the issues regarding Mr. Lee's conduct that the Court ultimately found sanctionable, Defendants did not achieve their client's main goal, which was an award of the sanctions to themselves in the form

of reimbursement of the legal fees they had paid their former counsel and treble damages. *See* Dkt. No. 230; *see also* Dkt. No. 262 at 45–46, 51–54.

For these reasons, the Court finds that Defendants' counsel is not entitled to any higher fees than this Court awarded to Plaintiff's counsel in this matter.[4] Plaintiff's counsel, who has approximately 20 years of experience, was awarded a rate of $425 per hour, and secondary counsel who was a licensed attorney, though did not practice labor law and performed only paralegal functions at trial, was awarded a rate of $200 per hour. *See Hong*, 2024 WL 1242507, at *5–6.

Thus, the Court finds that a reasonable hourly rate for Mr. Barbiere is $425, for Mr. Latzer is $375, and for Mr. Barish is $300, regardless of year billed.

B.     **Paralegals and Summer Associate**

In addition to the attorneys, Defendants request fees for two paralegals and a law student summer associate who worked on the matter.

Defendants request a rate of $380–400 per hour for the work of two paralegals, Suhailah S. Sallie, who has been at Cole Schotz for nine years, and Frances Pisano, who has been with Cole Schotz for 22 years. *Id*. at 6. The Court previously found in this matter that the "typical" reasonable range in this District for paralegal work is $100–$150 per hour. *See Hong*, 2024 WL 1242507, at *6 (S.D.N.Y. Mar. 31, 2024) (collecting cases). The Court has made similar determinations of a reasonable paralegal hourly fee in other cases. *See, e.g.*, *Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, 2023 WL 2414951, at *2 (S.D.N.Y. Mar. 8, 2023) (reducing paralegal hourly fee from $200 per hour to $100 per hour); *see also Access Bio*, 2024 WL

---

[4] Moreover, Defendants' counsel themselves, in opposing Plaintiff's fee application, argued that over $300,000 for work in this "routine wage-and-hour action" was "exorbitant," and noted that the prevailing rates in this District for FLSA cases are between $250 and $450 per hour. Dkt. No. 213 at ECF p. 5.

3084990, at *3 (courts in this district typically award between $100 and $150 for paralegal work). The Court acknowledges that the paralegals who provided services for this matter have significant experience as paralegals. However, the Court finds the requested rate unreasonable. In its prior decision in this matter, the Court concluded that a rate of $200 per hour was appropriate for paralegal work performed by a licensed attorney. *Hong*, 2024 WL 1242507, at *6. The Court determines that a reasonable rate for the paralegal services provided by Ms. Pisano and Ms. Sallie in this matter is $125.

Finally, Defendants request a rate of $275 per hour for the work of summer associate law student Andrew M. Somple. Dkt. No. 264 at 7. This Court has previously described in this case that a reasonable rate for a law student is similar to rates of paralegals. *Hong*, 2024 WL 1232507, at *6. Thus, the Court finds that a rate of $125 per hour is reasonable for Mr. Somple's work on this case.

## II. Requested Hours

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. *Ruradan*, 2024 WL 3567276, at *4. The Court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). However, the Supreme Court has emphasized that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting Hensley, 461 U.S. at 437). The Court's role is not to act as a "green-eyeshade" accountant but "to do rough justice." *Id*. "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 655 (S.D.N.Y. 2019) (quoting *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd*,

9

2018 WL 3094913 (S.D.N.Y. June 21, 2018)); *see also Cruz v. Space NY 50th St LLC*, 2019 WL 4061492, at *5 (S.D.N.Y. Aug. 28, 2019). The Court need not individually assess each time entry but has "discretion to simply apply a reasonable percentage reduction as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

Defendants' counsel seeks reimbursement for 184.35 hours spent working on the sanctions motion and the instant fee application. Roughly, Defendants billed approximately 78.05 hours on the original motion for sanctions and accompanying declarations, 21.6 hours on the reply brief in further support and accompanying declaration, 41.4 hours between the completion of the briefing and through the hearing, including preparation for the hearing and various letters to the Court such as opposing an extension requested by Mr. Lee and opposing his briefing, *see* Dkt. Nos. 246, 250, and 43.3 hours after the hearing, including preparing for another day of hearing that did not ultimately go forward, a letter requesting the Court hear the second day of hearing virtually, *see* Dkt. No. 253, an additional letter brief on causation, and this fee application.

Defendants previously argued in this case that Plaintiff's counsel billing 135 hours for a summary judgment motion was "blatantly excessive," *see* Dkt. No. 213 at ECF p. 6, but now seek reimbursement for more time than that spent for this sanctions motion. The Court finds that at least some of the 184.35 hours billed by Defendants were likewise excessive, redundant, or unnecessary, including the following examples.

Some of the work done by more senior attorneys could have been done by junior attorneys at a lower billing rate. *See Ruradan*, 2024 WL 3567276, at *5 (reducing fee award where research and preparation of motions could have been done by less experienced attorney).

Both Mr. Latzer and Mr. Barbiere billed time for conducting legal research themselves, *see* Dkt. No. 264-1 at 1, 4, 5 (5.35 hours billed by Mr. Latzer and Mr. Barbiere including legal research), that likely could have been performed by a more junior attorney. Approximately 51 hours billed included legal research, most of which was done by a relatively senior associate, for relatively straightforward issues, which the Court finds excessive. Mr. Barish also spent 2.6 hours finalizing the sanctions application that included proofing and cite checking, which could have been done by a paralegal. Dkt. No. 264-1 at 3. Likewise, 21.6 hours should not have been needed for a nine-page reply brief. *See, e.g.*, *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 418 (E.D.N.Y. 2017) (finding 15 hours to be unnecessarily high for work on a reply brief).

Additionally, both shareholders, Mr. Latzer and Mr. Barbiere, did not need to attend the sanctions hearing, for which they collectively billed ten hours and nearly seven hours of preparation. There were also more than four hours spent preparing a binder for the show cause hearing before the Court. Dkt. No. 264-1 at 5. Defendants faulted Plaintiff's counsel for submitting timesheets with entries such as "trial prep" on the basis that these were vague and inadequate. Dkt. No. 213 at ECF p. 6. Yet Defendants spent over 40 hours between the conclusion of briefing and the sanctions hearing and include entries of a similar nature such as "Prepare for hearing on sanctions application," and "Prepare for order to show cause hearing." Dkt. No. 264-1 at ECF p. 5. Following the show cause hearing, Defendants filed a supplemental five-page letter brief, for which Defendants' counsel appears to have billed approximately 15.5 hours, which the Court finds excessive. *See* Dkt. No. 264-1 at 5–6; *cf. Rich Prods. Corp. v. Impress Indus., Inc.*, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (finding 13.8 hours excessive for a nine-page reply brief).

There were also approximately 21 hours billed after the Court issued its decision on the sanctions motion on August 13, 2024, *see* Dkt. No. 262; Dkt. No. 264-1 at 6; Dkt. No. 264-2. Some of the hours billed after the Court's decision were for work on this fee application but others were not—for example, there are entries for reviewing and analyzing the Court's decision that should not make up the fee award recoverable for bringing the motion. Dkt. No. 264-1 at ECF p. 6 (1 hour to "Review of sanctions award and address issues re: same" and 1.2 hours to "analysis and review of sanctions decision against Peter Lee; review case law cited within"). Mr. Barbiere and Mr. Latzer collectively spent approximately 3.5 hours working on this fee application when the vast majority of that work likely could have been done by a less experienced attorney.

Moreover, many of the submitted time entries were done via "block billing," which makes it difficult for the court to assess the reasonableness of individual activities and suggests that an across-the-board cut is appropriate. *See Division 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. D & A Bus Co., Inc. and Anchor Bus Co., Inc.*, 270 F Supp. 2d 593, 625–27 (E.D.N.Y. 2017); *see also Green v. City of New York*, 403 Fed. App'x 626, 630 (2d Cir. 2010) (affirming district court across-the-board reduction due to obfuscation inherent in block billing).

In light of these considerations, the Court finds that an across-the-board hours reduction of 35% is appropriate.

Applying this hours reduction and the rates described above, the Court is left with the following number of hours for each timekeeper resulting in the following fees:

> Joseph Barbiere (12.8 hours at $425/hour): $5,440.00
> Eric S. Latzer (23.5 hours at $375/hour): $8,812.50
> Matthew A. Barish (65.4 hours at $300/hour): $19,620.00
> Suhailah S. Sallie (12.7 hours at $125/hour): $1,587.50

Frances Pisano (0.5 hours at $125/hour): $62.50
Andrew M. Somple (3.6 hours at $125/hour): $450.00

**Total hours: 118.5   Total fees: $35,972.50**

### III.   Costs

Finally, Defendants seek $1,136.24 in costs, the lion's share of which is based on fees for conducting online legal research and ordering a deposition transcript and the rest from court fees and printing/photocopying. Dkt. No. 264-1. The Court finds that these costs are "adequately documented, reasonable, and of the type commonly reimbursed by courts in this district" and awards Defendants $1,136.24 in costs. *Palaguachi v. All City Remodeling, Inc.*, 2018 WL 11226108, at *3 (S.D.N.Y. April 20, 2018); *see Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012) (including electronic legal research as type of cost ordinarily recovered in a fee award); *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (reasonable costs may include photocopying and filing fees); *Portelos v. City of N.Y.*, 2019 WL 13394467, at *4 (E.D.N.Y. Mar. 15, 2019) (granting costs related to deposition transcripts).

### CONCLUSION

Defendants' fee application is GRANTED IN PART AND DENIED IN PART. Defendants are entitled to $35,972.50 in attorneys' fees and $1,136.24 in costs for a total award of $37,108.74.

SO ORDERED.

Dated: September 25, 2024
  New York, New York

LEWIS J. LIMAN
United States District Judge