**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SUN YEUL HONG, | Case No. 1:20-CV-09612 |
|               Plaintiff, | Hon. Lewis J. Liman, U.S.D.J. |
| -against- | |
| MOMMY'S JAMAICAN MARKET CORP., KAP WON KIM, MYONG SU KIM and DAE KYU KIM, | **JUDGMENT** |
|               Defendants. | |

---

**WHEREAS**, this action was tried by a jury with Hon. Lewis J. Liman presiding from December 11, 2023 through December 13, 2023, and the Jury rendered a verdict on December 13, 2023 (the "Jury Verdict");

**WHEREAS**, on December 18, 2023, the Court entered a Judgment, (Dkt. No. 185) (the "First Judgment") which, pursuant to the Jury Verdict and New York Labor Law, provided that plaintiff Sun Yeul Hong ("Plaintiff") shall recover from, and is awarded judgment against, defendants Mommy's Jamaican Market Corp., Kap Won Kim and Myong Su Kim (collectively, the "Defendants"), jointly and severally in the amount of $86,501.00;

**WHEREAS**, pursuant to the First Judgment, the Court ordered that Plaintiff, by no later than January 12, 2024, be permitted to file a post-trial motion seeking an award of liquidated damages and other reliefs—namely, attorney's fees and expenses, costs, and pre-judgment and post-judgment interests—and further ordered that, pursuant to the Jury Verdict, all claims of Plaintiff against defendant Dae Kyu Kim, as asserted in the Complaint, shall be dismissed with prejudice and any and all claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, asserted by Plaintiff in the case also be dismissed with prejudice;

**WHEREAS**, following Plaintiff's post-trial motion for liquidated damages and other reliefs, on July 31, 2024, the Court entered a Judgment (Dkt. No. 256) (the "Second Judgment," and together with the First Judgment as the "Initial Judgments"), which provided that Plaintiff shall recover from Defendants, jointly and severally, liquidated damages in the amount of $81,501, pre-judgment interest in the amount of $45,277, post-judgment interest under 28 U.S.C. § 1961(a), attorney's fees in the amount of $177,318.25, and costs in the amount of $18,460.09, and that if any amounts due remain unpaid upon the expiration of ninety days following issuance of the Second Judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the Initial Judgments shall automatically increase by fifteen percent pursuant to N.Y. Lab. Law § 198(4);

**WHEREAS**, on May 10, 2024, and June 14, 2024, Plaintiff and Defendants, respectively, filed motions for sanctions against Defendants' former counsel, Peter Y. Lee, Esq., seeking relief pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (Dkt. Nos. 226 and 239);

**WHEREAS**, on June 17, 2024, the Court ordered Peter Y. Lee, Esq. to show cause at a hearing to be held on July 11, 2024 why he should not be sanctioned under the Court's inherent powers and 28 U.S.C. § 1927 and contempt sanctions imposed;

**WHEREAS**, after briefing and a hearing on Plaintiff's and Defendants' respective motions for sanctions, the Court entered an Opinion and Order, dated August 14, 2024 (Dkt. No. 262) ("Sanctions Ruling"), which, *inter alia*: (i) found that Defendants are entitled to recover the cost of bringing their motion for sanctions against Peter Y. Lee, Esq.; (ii) directed Defendants to submit a supplemental fee application by September 16, 2024; and (iii) found that Peter Y. Lee, Esq. shall be jointly and severally liable with Defendants to Plaintiff in the total amount of $192,319.34, which

2

amount consists of a portion of the amount due under the Judgment (specifically, $174,259.25 in attorneys' fees and $18,060.09 in costs);

**WHEREAS**, on September 16, 2024, Defendants filed an application seeking attorneys' and costs incurred in connection with their motion for sanctions (Dkt. No. 264) (the "Fee Application"),

**WHEREAS**, on September 25, 2024, the Court entered a Memorandum and Order (Dkt. No. 265) (the "Fee Application Ruling"), which granted in part and denied in part the Fee Application and ordered that Defendants are entitled to recover from Peter Y. Lee, Esq. the total amount of $37,108.74, representing $35,972.50 in attorneys' fees and $1,136.24 in costs);

**WHEREAS**, Plaintiff has requested that the Court enter this Omnibus Judgment to memorialize the orders set forth in the Initial Judgments, the Sanctions Ruling, and the Fee Application Ruling, now

**IT IS HEREBY ORDERED, DECREED AND ADJUDGED**, that:

1) In accordance with the Initial Judgments, Plaintiff shall recover from, and is awarded judgment against, Defendants, jointly and severally, for the following sums: compensatory damages amount of $86,501.00; liquidated damages in the amount of $81,501; pre-judgment interest in the amount of $45,277; post-judgment interest under 28 U.S.C. § 1961(a); attorney's fees in the amount of $177,318.25; and costs in the amount of $18,460.09;

2) In accordance with the Sanctions Ruling, Peter Y. Lee, Esq. shall be jointly and severally liable with Defendants to Plaintiff for the total amount of $192,319.34, representing attorneys' fees in the amount of $174,259.25, and costs in the amount of $18,060.09;

3

3) In accordance with the Fee Application Ruling, Defendants shall recover from, and are awarded judgment against, Peter Y. Lee, Esq., in the total amount of $37,108.74, representing attorneys' fees in the amount of $35,972.50, and costs in the amount of $1,136.24.

DATED: January 23, 2025

SO ORDERED:

_____
HON. LEWIS J. LIMAN
United States District Judge